Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; AND BOARD OF TRUSTEES OF PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA<br><br>Plaintiffs,<br><br>vs.<br><br>TPM SERVICES, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:24-cv-02005-JAD-DJA<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>ECF No. 7<br>Hearing date: 3/25/25 |

Before the Court is the Plaintiffs,' the Boards of Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan, the Plumbers and Pipefitters Union Local 525 Pension Plan, and the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada (collectively referred to as "Trust Funds") Motion for Default Judgment against Defendant TPM Services, LLC ("TPM Services"). Default having been entered against Defendant, the Court having reviewed the Plaintiffs' Motion, being fully advised, and good

cause appearing, the Court now makes the following findings of facts and conclusions of law.

**I.  Findings of fact.**

1.  Plaintiffs a are the Trust Funds and are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2.  TPM Services acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between TPM Services and the United Association of Journeymen and Apprentices of Plumbing and Pipefitters Local 525.

3.  The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

4.  The Trust Funds are established by Trust Agreements ("Trust Agreements").

5.  Under ERISA and the Trust Agreements, TPM Services is obligated to make its books and records available for a contract compliance review ("Audit").

6.  TPM Services has failed to adequately respond to the Trust Funds' requests to make its books and records available for an Audit, by failing to make its books and records available in a satisfactory manner to enable the Trust Funds to complete the Audit.

7.  The Trust Funds' governing documents provide that if TPM Services fails to make its books and records available for an Audit, the Trust Funds are permitted to presume contributions in the amount of $250,000 for each year covered by the attempted audit.

8.  The Trust Funds have repeatedly requested that TPM Services make its books and records available for an Audit as required by ERISA and the Trust Agreements.

9.  TPM Services has repeatedly refused to make its books and records sufficiently available for the Trust Funds to conduct an Audit.

10.  TPM has failed to meet its obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBA and Trust Agreements, and as required by 29 U.S.C. § 1145.

11.  As a result of its delinquency, TPM is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, and attorneys' fees.

## II.     Conclusions of Law.

1. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2. Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3. As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (*citing Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nev. July 8, 2013)) (internal quotation marks omitted). TPM Services has failed to meet its obligations to remit employee benefit contributions and has failed to participate in this action. Therefore, because the Trust Funds will have no recourse against TPM Services unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. The undisputed facts in this case demonstrate that TPM Services failed to meet its obligations to remit employee benefit contributions to the Trust Funds, as required under the CBA and Trust Agreements. As a result, TPM Services is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, audit fees and attorneys' fees. 29 U.S.C. § 1132(g)(2). Thus, because TPM Services had default entered against it, it has admitted

3

these facts, which should be taken as true. The second and third *Eitel* factors therefore favor the entry of default judgment.

5. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on the governing documents and calculations laid out in the prior sections. In addition, damages in this case are dictated by statute. ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

6. Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because TPM Services has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

7. The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. TPM Services' failure to answer was not based on excusable neglect. The Complaint was filed on October 24, 2024. (ECF No. 1). A Summons was issued for TPM Services on October 25, 2024 (ECF No. 3), and the TPM Services accepted service of the Summons and Complaint on November 21, 2024. (ECF No. 4). TPM Services did not file an Answer. The Trust Funds were then forced to file a Motion for Entry of Clerk's Default on December 19, 2024. (ECF No. 5). TPM Services again failed to respond, which led to its failure to adequately plead or otherwise defend the suit, resulting in the entry of default on January 8, 2025. (ECF No. 6). In short, there is no evidence that TPM Services' default was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

8. The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal.*

4

*Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (*citing Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). Therefore, this factor also weighs in favor of the entry of a default judgment.

9. The damages set forth by the Trust Funds' and their corresponding calculations are supported by the Trust Agreements, the Collection Policy, and 29 U.S.C. 1132(g)(2).

**IT IS HEREBY ORDERED** that judgment is entered against Defendant **TPM Services, LLC** for delinquent employee benefit contributions ($500,000), interest ($150,276), liquidated damages ($150,276), and attorneys' fees and costs ($20,782), **for a total of $821,334**.

DATED this 28th day of March, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
*Attorneys for Plaintiffs*