# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Board of Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust and Plan; Board of Trustees of the Plumbers and Pipefitters Union Local 525 Pension Plan; and Board of Trustees of Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada,

Plaintiffs,

v.

TPM Services, LLC, a Nevada limited liability company,

Defendant.

Case No. 2:24-cv-02005-JAD-DJA

**Report and Recommendation**

This is an employee benefits case arising out of Plaintiffs (the "Trust Funds") allegation that TPM Services, LLC failed to make its books and records available for compliance review as required by a collective bargaining agreement, agreements establishing the Trust Funds, and the Employee Retirement Security Act ("ERISA"). The Trust Funds brought this action seeking equitable relief requiring TPM to make its records available and for unpaid contributions, interest, liquidated damages, audit fees, and attorneys' fees. After TPM accepted service of the summons and complaint, but failed to file an answer, the Trust Funds obtained a default judgment. (ECF Nos. 10, 11). To aid in their execution of that judgment, the Trust Funds then sought, and obtained, a Court order requiring TPM's managing member—Rishawn Newman—to appear for a judgment debtor examination. (ECF Nos. 15, 16). Newman failed to appear for the required examination and failed to respond to the Trust Funds' subsequent motion for order to show cause why TPM should not be held in contempt. (ECF No. 19). The undersigned magistrate judge therefore required Newman to appear and show cause why the undersigned should not certify the facts of his failure to appear at the Court-ordered judgment debtor examination to the Honorable

Distrct Judge Jennifer A. Dorsey under 28 U.S.C. § 636(e)(6)(B)(iii).  (ECF No. 25).  Having heard the parties' representations at that hearing, the undersigned now certifies the facts to Judge Dorsey and recommends that Newman be required to appear before her and show cause why he should not be adjudged in contempt of Court by reason of the facts so certified herein.

I.    **Background.**

The Trust Funds are fiduciaries for purposes of ERISA, 29 U.S.C. §§ 1001-1500.  (ECF No. 11 at 2) (findings of fact and conclusions of law and judgment in favor of the Trust Funds).  TPM acted as an employer within the State of Nevada, employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement between TPM Services and the United Association of Journeymen and Apprentices of Plumbing and Pipefitters Local 525.  (*Id.*).  The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.  (*Id.*).  The Trust Funds are established by Trust Agreements and, under those agreements and ERISA, TPM is obligated to make its books and records available for a contract compliance review.  (*Id.*).  Despite numerous requests from the Trust Funds, TPM refused and failed to make its books and records available for the Trust Funds to conduct an audit. (*Id.*).  The Trust Funds represent that, in the process of attempting to view TPM's books and records, their counsel communicated with Bob Sweetin, Esq., who the Trust Funds assert had represented TPM.  (ECF No. 18 at 3); (ECF No. 7-1 at 2).  After being unable to conduct their audit, the Trust Funds brought this action on October 24, 2024.  (ECF No. 1).

TPM was served with the summons and complaint through its registered agent on November 26, 2024.  (ECF No. 4).  The Trust Funds informed Sweetin of the lawsuit and provided him a three-day notice of intent to default TPM via email on December 13, 2024, to which email Sweetin did not respond.  (ECF No. 18 at 4); (ECF No. 18-2); (ECF No. 18-3 at 2). When TPM failed to respond to the complaint, the Trust Funds sought and obtained a default judgment.  (ECF Nos. 10, 11, 12).  The Trust Funds then moved for a judgment debtor examination, which motion the undersigned magistrate judge granted.  (ECF Nos. 15, 16).  The Trust Funds then filed an affidavit of service of the undersigned's order setting the judgment

debtor examination, asserting that they had served the order on TPM by personally delivering and leaving a copy with TPM's registered agent.  (ECF No. 17).

The order set the judgment debtor examination for August 29, 2025.  (ECF No. 16).  It further required Newman to produce certain documents to the Trust Funds' counsel one week before the examination.  (*Id.*).  When Newman failed to produce these documents, the Trust Funds reached out to Sweetin to ask whether he still represented Newman.  (ECF No. 18 at 5); (ECF No. 18-4 at 8).  Sweetin responded, "I was not aware of this.  I'll talk with [Newman] today and respond.  I'll either enter an appearance on TPM's behalf or assist them in obtaining counsel."  (ECF No. 18-4 at 7-8).  Sweetin also requested to move the judgment debtor examination, a request with which the Trust Funds' counsel agreed conditioned on Sweetin providing a proposed date certain for the examination.  (ECF No. 18 at 5); (ECF No. 18-4 at 2-9).  When Sweetin did not provide this date, the Trust Funds moved forward with the examination.  (ECF No. 18 at 5).  Newman did not attend.  (*Id.*).

The Trust Funds' counsel then emailed Sweetin, informing him that they would be preparing a motion related to Newman's failure to attend and inviting Sweetin to meet and confer regarding the matter.  (ECF No. 18-4 at 2).  Sweetin did not respond.  (ECF No. 18 at 6); (ECF No. 18-3).  So, the Trust Funds moved for an order to show cause why Newman should not be held in contempt for failing to comply with the order setting the judgment debtor examination.[1]  (ECF No. 18).  The Trust Funds attached a certificate of service to their motion, indicating that they had served the motion through U.S. mail and email on TPM's registered agent and to Sweetin.  (*Id.* at 9).

---

[1] In that motion, the Trust funds stated that "[s]hould Newman ultimately be found in contempt, this Court should impose civil contempt sanctions of $150 per day payable to the Court for each day that Newman fails to appear.  The Court should also award reasonable attorneys' fees and costs to compensate the Trust Funds for fees and costs incurred in conjunction with Newman's failure to appear to the judgment debtor examination…If Newman is held in contempt, the Trust Funds will file a motion for sanctions, outlining the fees and costs incurred in compliance with Local Rule 54-14."  (ECF No. 18 at 7-8).

Neither TPM, nor Newman, nor anyone on their behalf responded to the motion for order to show cause.  The undersigned magistrate judge therefore granted the motion and scheduled a show cause hearing.  (ECF Nos. 19, 25).  In doing so, the undersigned required the Trust Funds to personally serve a copy of the order on both Newman and TPM.  (ECF No. 19).  The undersigned further directed the Clerk's Office to send a copy of the order to both Newman and TPM at TPM's registered agent's office and at Sweetin's office.  (*Id.* at 3).

The Trust Funds filed an affidavit of service, indicating that they had served the order on TPM at its registered agent's office on February 6, 2026.  (ECF No. 20).  The Trust Funds also filed a status report regarding service in which they represented that their process server had also attempted service on Newman at his home address[2] on eight occasions between February 6th and February 17th during different times of day, to no avail.  (ECF No. 21); (ECF No. 21-1).  So, the Trust Funds represented that they mailed the order to Newman at his home address and emailed it to Sweetin.  (*Id.* at 2); (ECF No. 21-2 at 2).  The Trust Funds also filed a certificate of service showing that they mailed their status report to TPM at its registered agent's office and to Sweetin.  (ECF No. 22).  On March 10, 2026, Sweetin filed a stipulation to continue the show cause hearing, on which stipulation Sweetin is listed as attorney for TPM.  (ECF No. 26).  The undersigned ultimately rescheduled and held the show cause hearing on April 13, 2026.  (ECF Nos. 27, 28, 29, 30).  Sweetin and Newman appeared at the show cause hearing.[3]  (ECF No. 30).

At the show cause hearing, Sweetin represented that he was not counsel of record in this case, but had agreed to assist in this matter given his friendship with Newman.  Sweetin indicated that Newman's lack of engagement in this case—and presumably, Newman's failure to attend the judgment debtor examination—was a result of service failures.  The Trust Funds' counsel

---

[2] In their status report, the Trust Funds state that "[i]t is indisputable that Mr. Newman lives at this house because: (1) the process server called the home phone number and Megan Newman answered and said that Mr. Newman was not home on February 7, 2026; and (2) there were packages on the porch of the house addressed to Megan Newman."  (ECF No. 21 at 2); (ECF No. 21-1 at 4, 5).

[3] Newman was approximately twenty minutes late to the hearing, which hearing was scheduled for 10:00 a.m. and did not begin until 10:23 a.m.  (ECF No. 30).

asserted in response that they had effectuated service as evidenced by their affidavits of service on TPM and had been in communication with Sweetin about the judgment debtor examination and subsequent order to show cause. The undersigned indicated that he would certify the question of contempt to Judge Dorsey.

**II.    Discussion.**

Under 18 U.S.C. § 401, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as…[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The contempt need not be willful and there is no good faith exception to the requirement of obedience to a court order. *Id.* But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of a court's order. *Id.* The party alleging contempt must demonstrate the alleged contemnor violated the court's order by clear and convincing evidence. *Id.*

Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). "Compensatory awards are limited to actual losses *sustained as a result of the contumacy*." *Id.* (emphasis in original) (internal quotations omitted). The civil contempt power of a magistrate judge is governed by 28 U.S.C. § 636(e), which provides as follows:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.
>
> *See* 28 U.S.C. § 636(e)(6)(B).

Here, the undersigned magistrate judge ordered Newman, on behalf of TPM, to appear at a judgment debtor examination.  Newman failed to do so.  The Trust Funds have shown that their counsel had repeatedly attempted to contact TPM and Newman regarding the judgment debtor examination through formal service and through Sweetin, who stated that he would talk to Newman.  Given Sweetin's relationship with Newman, the undersigned finds it was reasonable for the Trust Funds to believe Sweetin was in communication with Newman and potentially representing him and/or TPM in Sweetin's communications regarding the judgment debtor examination.  But even if Sweetin was not representing Newman and/or TPM, the Trust Funds demonstrated through an affidavit of service that they served the order setting the judgment debtor examination on TPM's registered agent.  (ECF No. 17).  Nonetheless, Newman did not appear at the judgment debtor examination.

As a result, it appears that Newman did not take any reasonable steps to comply with the undersigned's order setting the judgment debtor examination.  And the undersigned is not convinced by the explanations as to Newman's noncompliance.  As a result, the undersigned hereby certifies that Newman has defied the Court's order by failing to appear at the judgment debtor examination as ordered by the Court.  It is recommended that Newman be required to appear before the Honorable District Judge Jennifer A. Dorsey and show cause why he should not be adjudged in contempt of Court by reason of the facts so certified herein.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Newman be required to appear before the Honorable District Judge Jennifer A. Dorsey and show cause why he should not be adjudged in contempt of Court by reason of the facts so certified herein.

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: May 19, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE