**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Board of Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust and Plan; et al.,

Plaintiffs

v.

TPM Services, LLC, a Nevada limited liability company,

Defendant

Case No.: 2:24-cv-02005-JAD-DJA

**Order Granting Motion for Attorneys' Fees and Setting a Final Sanctions Amount**

[ECF Nos. 35, 38]

Back in March, I entered a default judgment against TPM Services, LLC, for the $821,334 it owed to the plaintiff employee-benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Rishawn Newman of TPM Services then failed to appear at both a court-ordered judgment-debtor exam and a subsequent hearing to show cause why he should not be held in contempt.[2] On July 14th, I held TPM Services and Newman in contempt of court and ordered that, as a coercive civil-contempt sanction, they must pay $100 per day until Newman sat for and completed his judgment-debtor exam for this case.[3] I also held that the plaintiffs are entitled to their reasonable attorneys' fees incurred in bringing the contempt motion.[4] Newman ultimately sat for his judgment-debtor exam on July 30th.[5] The plaintiffs

---

[1] ECF No. 11.

[2] ECF No. 35 at 1.

[3] *Id.* at 2.

[4] *Id.*

[5] ECF No. 38 at 3.

now move for $9,581.15 in compensatory sanctions and $1,600 to be paid to the court in coercive damages.[6] The motion is unopposed, and I find that the award is merited.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both."[7] And "[c]ompensatory awards are limited to 'actual losses *sustained as a result of the contumacy*.'"[8] Counsel for the prevailing trust funds here seek $9,581.15 in compensatory sanctions, plus another $1,600 in coercive damages payable to the court.

I find that an award of the incurred $9,581.15 in fees is merited. The lawyers calculate their fee request based entirely on the work performed to deal with Newman and TPM Services's contemptuous actions at their discounted billing rates for ERISA cases, which I find to be commensurate with market rates in this jurisdiction, and they don't ask for a lodestar multiplier.[9] Based on counsel's affidavit,[10] the billing records,[11] my review of the docket in this case, and my familiarity with the course of this action, I find that the hours worked and amounts billed are reasonable in light of the skill, experience, time, and labor required; the novelty and difficulty of the questions involved; the results obtained; and fee awards in similar cases.

Plaintiffs' counsel also seeks $1,600 in coercive damages to be paid to the court. They explain that Newman was subject to a coercive sanction of $100 per day beginning on July 14th,

---

[6] *Id.*

[7] *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

[8] *Id.* (citing *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) (emphasis added)).

[9] ECF No. 38 at 3.

[10] ECF No. 38-5.

[11] ECF Nos. 38-2, 38-3, 38-4.

and he sat for his judgment-debtor examination on July 30.[12] Because sixteen days elapsed between my order and his appearance, Newman owes the court $1,600 in coercive sanctions, so I grant this portion of plaintiffs' motion as well.

**Conclusion**

IT IS ORDERED that the motions for attorneys' fees and to set final sanction amounts **[ECF Nos. 35, 38] are GRANTED; the court awards the plaintiffs $9,581.15, and orders that the defendants TPM Services, LLC and Rishawn Newman pay $1,600 in coercive sanctions to the Clerk of Court for the U.S. District Court for the District of Nevada**. The Clerk of Court is directed to **ENTER AN AMENDED JUDGMENT that adds this fee to the prior final judgment [ECF No. 11].**

U.S. District Judge Jennifer A. Dorsey
November 20, 2026

[12] ECF No. 38 at 10.